COMSTOCK v. CONNELLY. See Case No. 3,081.

COMSTOCK (KNICKERBOCKER INS. CO. v.). See Case No. 7,879.

COMSTOCK (LOCKWOOD v.). See Case No. 8,449.

COMSTOCK (PHELPS v.). See Case No. 11,-075.

———

## Case No. 3,082.

COMSTOCK et al. v. SANDUSKY SEAT CO. et al.

[3 Ban. & A. 188;[1] 13 O. G. 230; 3 Cin. Law Bul. 73.]

Circuit Court, N. D. Ohio.　Jan. 11, 1878.

PATENTS—CARRIAGE BODIES AND SEATS—VALIDITY — DATE OF INVENTION — PUBLIC USE — PRIMA FACIE VALIDITY—PLEADING AND PROOF.

1. The invention of a patented device may be fairly held to date back to the time when the inventor made models, and entered into a contract for its manufacture.

2. The mere making of an article, more than two years prior to the time of the application for a patent, is immaterial, and, where the evidence raises a doubt as to the fact of public use or sale for more than two years prior, such doubt should be resolved against the defendants, upon whom rests the burden of proof.

3. The patent is prima facie valid. It is a muniment of title. He who would overcome it must do so by a clear preponderance of evidence.

4. A defence that the invention involved simply the substitution of one material for another, and was, therefore, not patentable, not having been set up in the answer, the objection was overruled.

5. Reissued letters patent No. 4,780, granted to the complainants, assignees of S. B. Graham, for improvement in carriage bodies and seats, held valid.

[In equity. Bill by Theodore Comstock and others against the Sandusky Seat Company and others for alleged infringement of reissued letters patent No. 4,780, original patent numbered 95,466.]

Hatch & Parkinson, for complainants.
M. D. Leggett & Co., for defendants.

Before SWAYNE, Circuit Justice, and WELKER, District Judge.

WELKER, District Judge. This suit is brought upon reissued letters patent No. 4,-780, granted to the complainants, Theodore Comstock, Ezra Booth, and Henry F. Booth, as assignees, by mesne assignment, of Simon P. Graham, March 5th, 1872, for improvement in carriage bodies and seats.

The defences are, severally, (1) non-infringement, and (2) invalidity of the patent. The invalidity alleged being (1) anticipation,

———

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

(2) prior use, (3) abandonment, (4) public use for more than two years prior to application for complainants' patent, (5) that reissue was for a different invention from the original, and (6) the existence of a prior Canadian patent, etc.

We have carefully considered the evidence and arguments of counsel, and now state our conclusions:

1. It is not controverted that Graham's invention was perfected, and that he made two seats as described in his patent, prior to April, 1867.

2. He applied for his patent August 9th, 1869. The patent was issued October 5th, 1869, and was reissued March 5th, 1872, upon which reissue this suit is founded.

3. At the close of the argument we were satisfied that the patent of the complainants was valid unless successfully assailed (1) for want of novelty with respect to the invention, or (2) by reason of the sale and use of the thing patented more than two years prior to the application for the patent, that is, more than two years before August 9th, 1869 —in other words, before August 9th, 1867. These points we have carefully considered in our further examination of the case.

4. As to the priority of invention, our attention was particularly called to the claim in behalf of Burt. Upon examination of the testimony bearing upon the subject, it seems to us clear that it is not shown that anything that was done by Burt was not done later than April, 1867. It is clear upon the proofs that Graham perfected his invention, made models, and took them with him to Wauseon, and there entered into a contract with Stebbins for the manufacture of the seats in November, 1866. His invention, according to the record, may be fairly held to date back to that time. But this is immaterial, as nothing is shown as to any other party, which antedates the time fixed by the admission of respondents' counsel, which is before April, 1867. The other cases of alleged prior invention are unsustained. It is unnecessary to remark further in regard to them.

5. As to the use and sale of the thing patented. (1.) The Stebbins contract. This contract was entered into by Graham & Stebbins in November, 1866. No seats were completed by them. Two were partly made when the contract was put an end to, and Stebbins retired. Graham alone completed these seats. The mere making them without anything more was immaterial; but (2) Graham sold one of them, after they were completed, to Ben Smith, with a buggy, of which it was a part. The date of this sale is important in the case. The testimony upon this point is very conflicting; upon the whole, it does not satisfy us that the sale was made before August 9th, 1867. We are brought to the conclusion that it was not. If the evidence, however, raised a doubt, which we think it does not, such doubt, it is

owners as the government. The law is now settled, and it is very important that all should bear in mind:

1. That persons trespassing on the public lands are liable to indictment, and, if found guilty, to punishment by a fine equal to three times the value of the timber cut, and also to imprisonment for a year for each offense.

2. That all vessels that are engaged in carrying lumber so cut on the lands of the United States, with a knowledge of the fact on the part of the owner, master, or consignee, are liable to forfeiture for each offense, and the captain of such vessel to a fine of one thousand dollars for each cargo.

[From this decree an appeal was taken to the circuit court, where the decision of this court was reversed, and the libel dismissed. Case No. 15,342.]